## No. 898

LEANZA et v. BARNES MOTOR CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8417.  Decided Oct. 31, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

769.  MINORS — 297.  Contracts — Minor, who, in making purchase, represents his age to be 21, not estopped from denying it afterwards, and may recover purchase price.

Error to Municipal Court.
Judgment reversed.

Sacharow, Sacharow & Sacharow, Cleveland, for Leanza.

Mooney, Hahn, Loeser & Keough, Cleveland, for Barnes Motor Co.

STATEMENT OF FACTS.

In the court below Leanza, a minor, brought his action to recover a sum of money that he had paid to The Barnes Motor Company for an automobile. The record shows that the automobile was taken back and delivered to The Barnes Motor Company and it had it in its possession at the time of the trial and, in so far as it is now known, it is still there.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

The suit was predicated upon the right of the plaintiff to recover the money that he had paid, because he was a minor at the time the automobile was purchased. One cannot read this record without coming to the conclusion that the evidence is overwhelming on the proposition that he was a minor, and no attempt was made to show that this automobile was a necessary in his position of life. The

court seems to have taken the view that because he represented his age to be that of 21, he was estopped from denying it afterwards; that even though he were only a minor, he nevertheless could not recover. This is not the law. The only question was whether he was a minor or not. The court decided that because the young man stated his age to be 21, that he was estopped from disputing it thereafter, and rendered judgment in favor of the Barnes Motor Co.

We think this judgment was erroneous and not sustained by law.

The leading authority in this state, and any other state for that matter, is the case of Lemon v. Beeman, 45 OS. 506, and if the court and lawyers would take the trouble to read that case, they will see where they are in error in the judgment of this case.

The judgment will be reversed and the case remanded to the Municipal Court for a new trial.

(Sullivan, PJ. and Levine, J., concur.)